# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YAAKOV BRADLEY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF IRVINGTON, IRVINGTON POLICE DEPARTMENT, MUSA A. MALIK, in his official capacity as director of Irvington Police Department, JOHN DOES 1-5, and JANE DOES 1-5,<br><br>　　　　Defendants. | Civil Action No.<br><br>16-2067 (SDW) (LDW)<br><br>**REPORT & RECOMMENDATION** |

### LEDA DUNN WETTRE, United States Magistrate Judge

This matter, having been opened by the Court *sua sponte* based on plaintiff Yaakov Bradley's failure to comply with this Court's Order to enter an appearance either by counsel or *pro se*; and plaintiff having failed to respond to the Order to Show Cause issued by this Court on November 2, 2017, (ECF No. 42); and for good cause shown; it is respectfully recommended that plaintiff's Complaint be stricken and that his case be dismissed without prejudice.

### BACKGROUND

Plaintiff *pro se* commenced this action by counsel on March 4, 2016 in the Superior Court of New Jersey, Essex County, Law Division. *See* ECF No. 1-1. Plaintiff alleged defendants falsely arrested him and asserted multiple violations of his constitutional and civil rights arising from the incident. Defendants removed the action to this Court on April 14, 2016. ECF No. 1. The Court granted the motion by plaintiff's former counsel to withdraw on September 19, 2017, and ordered plaintiff to enter an appearance *pro se* or retain substitute counsel on or before October 19, 2017. ECF No. 39. After plaintiff failed to enter an appearance, the Court issued an Order requiring

plaintiff to appear for an in-person conference on November 2, 2017. ECF No. 41. When plaintiff failed to appear, the Court issued an Order directing plaintiff to appear in person on November 14, 2017, at 10:30 a.m., and to show cause why default should not be entered against him and his Complaint stricken under Federal Rule of Civil Procedure 16(f). ECF No. 42. Defense counsel appeared by telephone at the appointed date and time, but plaintiff did not. There has not been any activity in this case by plaintiff except through his former counsel.

## ANALYSIS

Federal Rule of Civil Procedure 37(b) authorizes the Court to strike a party's pleading or dismiss the action as sanction for failure to provide or permit discovery. *See* Fed. R. Civ. P. 37(b)(2)(A). Rule 16(f) empowers the Court to impose the same sanctions against a party who fails to appear at a pretrial conference or to comply with a pretrial order. Fed. R. Civ. P. 16(f)(1); *see also Ramada Worldwide, Inc. v. Veer Enters., LLC*, Civ. No. 10-6480 (ES), 2013 WL 1314451, at *2 (D.N.J. Mar. 28, 2013).

In *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit identified six factors that courts should balance when deciding whether to sanction a party by curtailing the right to proceed with or defend against a claim. *Id.* at 868. The *Poulis* factors are:

> (1) [t]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* (emphasis omitted); *see also Hogan v. Raymond Corp.*, 536 F. App'x 207, 212 & n.5 (3d Cir. 2013); *Knoll v. City of Allentown*, 707 F.3d 406, 409 n.2 (3d Cir. 2013). No single *Poulis* factor

2

is determinative, and dismissal may be appropriate even if some of the factors are not met. *See Hogan*, 536 F. App'x at 212; *Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992). If a Court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Fed. R. Civ. P. 16(f). *See* Fed. R. Civ. P. 16(f)(1) ("On motion *or on its own*, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to appear at a . . . pretrial conference; [or] . . . fails to obey a scheduling or other pretrial order."); *Mindek*, 964 F.2d at 1372–75; *Foreman v. Previziz*, Civ. No. 13-5807 (SDW), 2015 WL 1931453, at *1–2 (D.N.J. Apr. 27, 2015).

**1. Plaintiff's Personal Responsibility.** In this case, it appears that plaintiff alone is responsible for his failure to comply with this Court's Orders to enter an appearance, either by counsel or *pro se*, and to appear for an Order to Show Cause hearing. Plaintiff's failure to comply demonstrates a willful decision to disregard the Court's Orders.

**2. Prejudice to Defendants.** Plaintiff's refusal to participate in this case and to comply with this Court's Orders has prejudiced defendants' ability to defend themselves in this action. The Third Circuit holds that prejudice in this context does not mean "irremediable harm," but the "burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Here, with plaintiff's failure to participate and communicate with this Court and opposing counsel, defendants are prevented from defending the case entirely.

**3. History of Dilatoriness.** Plaintiff repeatedly has failed to appear or otherwise respond to the Court's Orders, and thus has demonstrated a history of dilatoriness.

**4. Willfulness or Bad Faith.** Having no information about the reasons for Plaintiff's

3

unresponsiveness, the Court cannot assess the willfulness of plaintiff's conduct or conclude whether it was undertaken in bad faith. The circumstances, taken as a whole, however, suggest that plaintiff has abandoned his case.

**5. Effectiveness of Alternative Sanctions.** The record of unresponsiveness suggests that alternative sanctions would be futile. Despite numerous chances, and despite this Court's warning of the consequences of his continued inaction, Plaintiff has failed to participate in and prosecute his case. On these facts, no lesser sanction would be effective. *See Days Inn Worldwide, Inc. v. Shaikh*, 249 F.R.D. 472, 476 (D.N.J. 2008).

**6. Meritoriousness of the Claims.** Given the preliminary stage of the action when plaintiff became unresponsive, the Court is unable to determine the potential merit of plaintiff's claims. The Court, therefore, declines to consider this factor in its recommendation.

In sum, plaintiff has ignored multiple Court Orders, including an Order to show cause why his case should not be dismissed, which demonstrates a pattern of non-compliance and dilatoriness. Plaintiff's failure in this regard establishes his inability or refusal to comply with pretrial orders and his failure to adequately prosecute this matter.

## CONCLUSION

For the reasons stated above, this Court respectfully recommends that Plaintiff's Complaint be stricken and the matter be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 16(f)(1) and 37(b)(2)(A). The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Fed. R. Civ. P. 72(b)(2).

Dated: November 15, 2017

Hon. Leda Dunn Wettre
United States Magistrate Judge

4